UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        |
SULAIMAN OLADOKUN,                      |
                                        |
                Plaintiff,              |
                                        |        06 Civ. 2330 (KMW)
        -against-                       |
                                        |        OPINION AND ORDER
JOHN R. RYAN, individually and in his   |
official capacity as President of       |
State University of New York Maritime   |
College, and RICHARD S. SMITH, in his   |
official capacity as Commandant of      |
Cadets of the State University of New   |
York Maritime College,                 |
                                        |
                Defendants.             |
                                        |
----------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

      Plaintiff Sulaiman Oladokun ("Plaintiff") brings this civil

rights action against Defendants John R. Ryan and Richard S. Smith

(collectively "Defendants") pursuant to 42 U.S.C. § 1983 ("Section

1983").  Plaintiff alleges that Defendants disenrolled him from the

State University of New York Maritime College ("SUNY Maritime") in

violation of his rights under the Due Process Clause of the Fourteenth

Amendment.

      Defendant Ryan moves for summary judgment on Plaintiff's

individual capacity claims against him, arguing that he had no

personal involvement in Plaintiff's disenrollment.[1]  Plaintiff, in

response, moves for leave to amend the Complaint to allege an

_____

      [1] Plaintiff also sues Defendant Ryan in his official capacity as
former President of SUNY Martime.  Defendant Ryan argues that,
pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), the
appropriate Defendant for the official capacity claims is the current
President of SUNY Maritime.  (Def.'s Mem. in Supp. 1 n.1.)
      The Court does not decide whether Defendant Ryan is the
appropriate Defendant for Plaintiff's official capacity claims at this
time because the issue has not been fully briefed.

alternative theory of Defendant Ryan's personal involvement in Plaintiff's disenrollment.  For the reasons stated below, Plaintiff's motion for leave to amend is GRANTED.  Defendant Ryan's motion for summary judgment is DENIED without prejudice to refile, as consistent with the Court's Individual Practices, after the conclusion of discovery.

I. <u>Background</u>

A. <u>Summary of Action</u>

Plaintiff's allegations are described in detail in the Court's October 23, 2007 Order, familiarity with which is assumed.  The Court summarizes the facts underlying the action here, focusing on the facts relevant to Plaintiff's individual capacity claims against Defendant Ryan.

1. <u>The Parties</u>

a. <u>Plaintiff</u>

Plaintiff is a Nigerian citizen.  On August 30, 2000, Plaintiff enrolled as an Engineering student at SUNY Maritime.  On March 26, 2003, SUNY Maritime's Suitability Board disenrolled Plaintiff from the school.

b. <u>Defendants</u>

Defendant Ryan was President of SUNY Maritime at the time of Plaintiff's disenrollment.  Defendant Smith is SUNY Maritime's Commandant of Cadets.

2. <u>Events Leading to Plaintiff's Disenrollment</u>

On or about March 7, 2003, when Plaintiff was in his final year at SUNY Maritime, Plaintiff was apprehended by two Joint Terrorism

Task Force agents, allegedly because they suspected that Plaintiff had submitted false documents in obtaining a student visa.  Following his apprehension, the Bureau of Immigration and Customs Enforcement ("ICE") held Plaintiff in custody during their investigation into the validity of his documents.

On March 25, 2003, ICE attorney Anna Gbur sent SUNY Maritime a fax requesting information about Plaintiff's enrollment status at SUNY Maritime.

### 3. The Suitability Board Hearing

The next morning, on March 26, 2003, SUNY Maritime's Suitability Board held a suitability hearing in Plaintiff's absence.  The Board considered Plaintiff's suitability as a member of the Regiment of Cadets, and charged him with "Deceit and Falsehood" and with "Altering Official Documents."  (Compl. Ex. 3.)  The Suitability Board's charges against Plaintiff were allegedly based on information from ICE regarding ICE's investigation into Plaintiff's visa documents. (Compl. ¶ 31.)

### 4. Plaintiff's Disenrollment

In a one-sentence opinion issued that same day, the Suitability Board stated that it had considered the charges against Plaintiff, "deem[ed] them to be true" and recommended that Plaintiff be offically disenrolled.  Id.  Defendant Smith then signed a memo concurring with the Suitability Board's decision, and thereby officially disenrolling Plaintiff.

### 5. Plaintiff's Deportation

SUNY Maritime's Vice President and Chief of Staff, Kimberly R.

Cline ("Cline"), then notified ICE of Plaintiff's disenrollment.

Consequently, on January 29, 2004, Plaintiff was deported due to his

failure to maintain student status as required under his student visa.

    B. <u>Procedural History</u>[2]

        1. <u>The Complaint</u>

In March 2006, Plaintiff filed a Complaint pursuant to Section

1983 alleging that the actions of John R. Ryan, Richard S. Smith, and

Kimberly R. Cline in disenrolling him from SUNY Maritime deprived him

of his due process rights under the Fourteenth Amendment of the U.S.

Constitution.

In the Complaint, Plaintiff alleges that Defendant Ryan was

personally involved in Plaintiff's disenrollment, and therefore should

be held liable in his individual capacity, because Defendant Ryan had

a duty to participate in the disenrollment under the SUNY Maritime

<u>Organization, Operations, and Regulations Manual</u> ("the original

<u>Manual</u>").

Pursuant to the original <u>Manual</u>, Defendant Ryan was responsible

for convening disenrollment proceedings, notifying students facing

disenrollment, and rendering the final disenrollment decision.

Plaintiff alleges that Defendant Ryan did not adequately fulfill these

duties, and thereby personally contributed to Plaintiff's

disenrollment.  (Compl. ¶¶ 24-26, 29-30.)

        2. <u>Motion to Dismiss</u>

In October 2006, Defendants Ryan, Smith and Cline moved to

---

[2] The Court focuses on the procedural history relevant to Plaintiff's individual capacity claims against Defendant Ryan.

dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim.  Defendants argued, <u>inter alia</u>, that the Complaint did not allege sufficient personal involvement by Defendants in Plaintiff's disenrollment.

In an Order dated October 23, 2007, the Court denied the motion to dismiss Plaintiff's claims against Defendant Ryan.  Based on Defendant Ryan's disenrollment duties pursuant to the original <u>Manual</u>, the Court concluded that Plaintiff pled facts sufficient to state a claim of personal involvement against Defendant Ryan.[3]

### 3. <u>Discovery</u>

After the Court issued its October 2007 Order addressing Defendants' motion to dismiss, the case proceeded to discovery.  Early in the discovery process, the parties learned that a revised version of SUNY Maritime's <u>Manual</u> (the "revised <u>Manual</u>") had been in effect at the time of Plaintiff's disenrollment.

Under the revised <u>Manual</u>, the President no longer has a duty to convene disenrollment proceedings, notify students facing disenrollment, or render the final disenrollment decision.  Pursuant to the revised <u>Manual</u>, the President's role in disenrollment procedures is limited to hearing appeals from disenrolled students.

### 4. <u>Motion for Summary Judgment</u>

Defendant Ryan now moves for summary judgment on the individual capacity claims against him.  Defendant Ryan argues that, pursuant to

---

[3] The Court also found that Plaintiff pled facts sufficient to state a claim of personal involvement against Defendant Smith.  The Court dismissed Plaintiff's claims against Defendant Cline because Plaintiff did not make specific factual allegations that Defendant Cline personally participated in his disenrollment.

the revised Manual, he had no duty to convene disenrollment

proceedings, to notify Plaintiff, or to render the final disenrollment

decision, and accordingly that he was not personally involved in

Plaintiff's disenrollment.  (Def.'s Motion for Summary Judgment 8.)

Defendant Ryan also asserts that his only role pursuant to the

revised Manual was to hear appeals, and Plaintiff never appealed the

disenrollment decision.  Id.

Based on his duties and actions pursuant to the revised Manual,

Defendant Ryan alleges that he had no personal invovlement in

Plaintiff's disenrollment.  Accordingly, Defendant Ryan argues that

summary judgment should be granted on Plaintiff's individual capacity

claims against him.

### 4. Motion for Leave to Amend

In response to Defendant Ryan's motion for summary judgment,

Plaintiff cross moves for leave to amend the Complaint.  Plaintiff

concedes that the revised Manual was effective at the time of

Plaintiff's disenrollment and that Defendant Ryan therefore had no

duty to convene the proceedings, to notify Plaintiff, or to render the

final decision.  (Pl.'s Opp'n 5.)  Plaintiff, however, moves to amend

the Complaint to include new allegations of Defendant Ryan's personal

involvement in Plaintiff's disenrollment (Plaintiff's "proposed

amendments").  Specifically, Plaintiff seeks to allege that Defendant

Ryan violated duties beyond those set forth in the revised Manual,

including, inter alia, a duty to reasonably supervise subordinates and

to remedy violations of disenrollment procedures.

### 5. Defendant Ryan's Reply

Defendant Ryan argues that Plaintiff's motion for leave to amend should be denied as futile because Plaintiff's proposed amendments could not survive a motion to dismiss under Rule 12(b)(6).

For the reasons stated below, the Court finds that Defendant Ryan has failed to establish that Plaintiff's proposed amendments would be futile, and accordingly, the Court GRANTS Plaintiff's motion for leave to amend.  Defendant Ryan's motion for summary judgment is DENIED without prejudice to refile after the conclusion of discovery.

II. Discussion

    A. Motion for Leave to Amend

Two motions are pending before the Court: Defendants' motion for summary judgment and Plaintiff's motion for leave to amend.  The Court first addresses Plaintiff's motion for leave to amend.

        1. Legal Standard

            a. Leave to Amend

Under Rule 15(a), leave to amend the complaint should be "freely" granted "when justice so requires."  The decision to grant or deny a motion to amend is within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

A court may condition leave to amend on the inclusion of more specific allegations.  Schiller v. City of New York, No. 04 Civ. 7922, 2009 U.S. Dist. LEXIS 15551, at *20 n.11 (S.D.N.Y. February 27, 2009)(granting leave to amend a Section 1983 claim and instructing Plaintiff to plead his theory of personal involvement with more specific allegations); Burns v. Martinez, 08 Civ. 4835, 2008 U.S.

Dist. LEXIS 106192, at *7-8 (S.D.N.Y. Dec. 23, 2008)(granting leave to file another motion to amend with additional facts supporting Section 1983 liability); see also Khulumani v. Barclay Nat'l Bank Ltd., 504 F.3d 254, 260-61 (2d Cir. 2007).

> b. Futility and the 12(b)(6) Standard for Section 1983 Claims

A district court, however, has discretion to deny leave to amend where the proposed amendments would be futile.  Foman, 371 U.S. at 182 (a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment").

An amendment to a pleading may be considered futile where it would not withstand a motion to dismiss pursuant to Rule 12(b)(6). Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).  In order to survive a motion to dismiss, a plaintiff must plead facts sufficient to "raise a right to relief above the speculative level," assuming all of plaintiff's allegations are true.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Specifically, to survive a motion to dismiss a Section 1983 claim against an individual defendant, a plaintiff must set forth specific factual allegations of personal involvement by defendant in a constitutional violation.  Vasquez v. Parks, No. 02 cv 1735, 2003 WL 1442087, at *9 (S.D.N.Y. Feb. 4, 2003)(internal quotations omitted); see also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  A

plaintiff may state personal involvement by alleging any of the
following: (1) the defendant participated directly in the alleged
constitutional violation; (2) the defendant, after learning of the
violation, failed to remedy the wrong; (3) the defendant created a
policy or custom under which unconstitutional practices occurred, or
allowed the continuation of such a policy or custom; (4) the defendant
was grossly negligent in supervising subordinates who caused the
unlawful condition or event; or (5) the defendant exhibited deliberate
indifference to the rights of the alleged victim by failing to act on
information indicating that unconstitutional acts were occuring.  Id.;
Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Williams v. Smith,
781 F.2d 319, 323 (2d Cir. 1986).

     In analyzing futility, a court may put the burden of
demonstrating futility of amendment on the party opposing the
amendment.  Jenkins v. New York State Banking Dep't, 07 Civ. 6322,
2009 U.S. Dist. LEXIS 17375, at *10 (S.D.N.Y Mar. 6, 2009);
Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y.
1998).

          2. Application

       Plaintiff moves to amend the Complaint to include new allegations
of Defendant Ryan's personal involvement in Plaintiff's disenrollment.
In response, Defendant argues that Plaintiff's proposed amendments
should be rejected as futile because the facts Plaintiff states do not
sufficiently allege personal involvement under Section 1983.  (Def.'s
Reply 4-5.)  The Court disagrees.  In his opposition to Plaintiff's
motion to amend, Defendant Ryan, at best, marshals several arguments

that highlight potential weaknesses in Plaintiff's proposed amendments.  However, none of Defendant Ryan's arguments demonstrates that Plaintiff's proposed amendments are necessarily futile.[4]  In light of Rule 15(a)'s liberal amendment standard, the early procedural posture of the case, and the limited discovery conducted thus far, the Court GRANTS Plaintiff's motion for leave to amend.

Defendant Ryan primarily argues that Plaintiff's proposed amendments are insufficient to allege personal involvement because Defendant Ryan had no disenrollment duties under the revised Manual.[5] (Def.'s Reply 7.)  Defendant Ryan thereby ignores Plaintiff's allegation that, as President, Defendant Ryan had duties to Plaintiff beyond those outlined in the revised Manual.  To the extent that Defendant Ryan argues he had no duties other than those in the revised Manual, or that he was not aware that violations of the Manual were occurring, those arguments address issues of fact, inappropriate for the Court to resolve on a motion to dismiss or a motion for leave to amend.  Dougherty, 282 F.3d at 92.

Considering the early stage in the proceedings, the limited

_____

[4] The Court's futility analysis is complicated by Plaintiff's failure to submit a proposed amended complaint.  The Court must therefore analyze the allegations Plaintiff plans to add as described in his opposition to Defendant's summary judgment.

[5] Defendant Ryan also suggests that the Court should deny leave to amend because Plaintiff did not properly investigate his proposed amendments during the initial discovery phase.  (Def.'s Reply 5, 6.) Defendant Ryan does not explain why this failure is relevant to a futility analysis.  Furthermore, the Court notes that Plaintiff's initial Complaint was based entirely on the original Manual. Therefore, it is entirely reasonable that Plaintiff did not investigate other sources of Defendant Ryan's duties to Plaintiff, or his knowledge of procedural violations that occurred during Plaintiff's disenrollment, during initial discovery.

discovery that the parties have conducted, and the negligible likelihood of prejudice to Defendants, leave to amend is GRANTED. However, the Court requires that Plaintiff's amended Complaint state his new allegations with greater specificity than he has done in the motion to amend.  In amending the Complaint, Plaintiff must: (1) state a specific theory or theories of Defendant Ryan's personal involvement under Section 1983; and (2) allege facts, which, if proven, would establish personal involvement under those theories.

### 3. Conclusion

The Court finds that Defendant Ryan has failed to demonstrate that Plaintiff's proposed amendments would be futile under a Rule 12(b)(6) analysis.  Accordingly, the Court grants Plaintiff leave to amend the complaint to plead with specificity: (1) a theory or theories of Defendant Ryan's personal involvement under Section 1983; and (2) facts, which, if proven, would establish personal involvement under those theories.

### B. Motion for Summary Judgment

Because the Court grants Plaintiff leave to allege new theories of Defendant Ryan's personal involvement, Defendant Ryan's motion for summary judgment on the individual liability claims is now premature. Defendant Ryan's motion is therefore DENIED without prejudice to refile, as consistent with the Court's Individual Practices, after the conclusion of discovery.

## III. Conclusion

For the reasons set forth above, Plaintiff's motion for leave to amend is GRANTED.  Plaintiff is instructed to: (1) state a specific

theory or theories of Defendant Ryan's personal involvement under Section 1983; and (2) allege facts, which, if proven, would establish personal involvement under those theories.  Defendant Ryan's motion for summary judgment on the individual liability claims against him is DENIED without prejudice to refile after the conclusion of discovery (D.E. 35).

No later than Friday, April 17, 2009, Plaintiff shall file his Amended Complaint.  No later than Friday, May 15, 2009, Defendant Ryan shall file his Amended Answer.  The parties shall conclude discovery no later than Friday, August 7, 2009.  The parties are reminded that, pursuant to the Court's Order dated January 17, 2008, the case has been referred to Magistrate Judge Kevin Nathaniel Fox for general pretrial and discovery management.

SO ORDERED.

DATED: New York, New York

March 31, 2009

_____
KIMBA M. WOOD
United States District Judge