UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
SULAIMAN OLADOKUN,                                    :
:
Plaintiff,              :
:
-against-                           :     **OPINION & ORDER**
:     06 CV 2330 (KMW)
JOHN R. RYAN, individually and in his                 :
official capacity as President of State               :
University of New York Maritime College,              :
and RICHARD S. SMITH, in his official                 :
capacity as Commandant of Cadets of State             :
University of New York Maritime College,              :
:
:
Defendants.             :
------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

Pursuant to 42 U.S.C. § 1983 ("§ 1983"), Plaintiff Sulaiman Oladokun ("Oladokun") brings this action, against Defendants John R. Ryan ("Ryan"), Richard S. Smith ("Smith"), and Kimberly R. Cline ("Cline") (collectively, "Defendants"), all of whom are officials of the State University of New York Maritime College ("SUNY Maritime"), alleging that he was disenrolled from SUNY Maritime without notice and without a meaningful hearing in violation of his due process rights under the 14th Amendment. In prior opinions, this Court granted summary judgment to Oladokun on his due process claim, *Oladokun v. Ryan,* No. 06 Civ. 2330, 2010 WL 3910578 (S.D.N.Y. Sept. 30, 2010), and granted Oladokun equitable relief, *Oladokun v. Ryan*, No. 06 Civ. 2330, 2011 WL 4471882 (S.D.N.Y. Sept. 27, 2011). The court requested further briefing on the appropriateness of compensatory damages.

1

**BACKGROUND**

**I. The Underlying Dispute**

Oladokun, a Nigerian citizen, was an engineering student at SUNY Maritime. On March 7, 2003, Oladokun was arrested by two Joint Terrorism Task Force agents, based on the suspicion that he may have submitted false academic credentials as part of his application for a student visa. (Declaration of James M. Maloney, dated Jan. 8, 2010 ("Maloney Decl."), Ex. I; Declaration of Clement J Colucci, dated Jan. 8, 2010 ("Colucci Decl."), Ex. 10.) Oladokun was then detained by the Bureau of Immigration and Customs Enforcement ("ICE") for allegedly having entered the United States on a fraudulently-obtained student visa. He remained in detention until his deportation on January 29, 2004. Following his arrest, SUNY Maritime convened a Suitability Hearing Board ("the Board") to determine whether Oladokun was fit to remain a member of the Regiment of Cadets, in view of his possession of a forged Social Security Card[1] and the possible provision of fraudulent academic records. (Colucci Decl. Ex. 12.) Smith sent the convening order to Oladokun's home, which stated that the hearing would be held on March 27, 2003, as well as an attached memorandum rescheduling the hearing to March 26, 2003. (Maloney Decl. Ex. A(3); Colucci Decl. Ex. 12.) The hearing actually occurred on March 24, 2003, following a request made by ICE's attorney, for information regarding Oladokun's enrollment status. (Maloney Decl. Ex. F; Colucci Decl. Ex. 13.) Oladokun was provided with no notice of the actual date of the hearing and did not attend. Despite Oladokun's absence, and without consulting any witnesses or considering any testimony, the Board unanimously decided to disenroll him. (Maloney Decl. Ex. J; Colucci Decl. Ex. 16) In response to Oladokun's disenrollment, ICE dropped the original charges against him, and initiated

---

[1] Oladokun pled guilty to a charge of third degree possession of a forged instrument in New York Criminal Court on February 24, 2003. (Colucci Decl. Ex. 1.)

proceedings to deport him based on his failure to maintain his student status as required under his visa. (Colucci Decl. Ex. 17-18.) ICE ultimately deported Oladokun on January 29, 2004.

## II. Procedural History

Pursuant to § 1983, Oladokun brought suit against the Defendants claiming that he was disenrolled in violation of his rights under the Due Process Clause of the Fourteenth Amendment. This Court dismissed the claims against Cline but allowed further discovery with regard to the remaining defendants. *Oladokun v. Ryan*, No. 06 Civ. 2330, 2007 WL 3125317, at *3 (S.D.N.Y. Oct. 23, 2007). After Oladokun submitted an amended complaint, the parties cross-moved for summary judgment. Finding that Oladokun was not provided with sufficient notice of the disenrollment proceedings and was deprived of a meaningful hearing, the Court granted summary judgment to Oladokun against Smith in his official capacity. *Oladokun*, 2010 WL 3910578, at *8. The Court dismissed Oladokun's claims against Ryan. *Id.* at *12. In its most recent decision, the Court granted Oladokun equitable relief, ordering the release of official copies of Oladokun's SUNY Maritime transcript and the convening of a new hearing, if he requests one, upon Oladokun's return to the United States. *Oladokun*, 2011 WL 4471882, at *4. The only issue remaining is whether or not Oladokun is entitled to compensatory damages.

## DISCUSSION

### I. Compensatory Damages

A. <u>Damages Awards Under 42 U.S.C. § 1983</u>

Compensatory damage awards under § 1983 are ordinarily determined according to common-law tort principles, which require a showing of causation and actual injury. *Memphis Cnty. Sch. Dist. v. Stachura,* 477 U.S. 299, 305–06 (1986). Although a victim of a due process violation is always entitled to nominal damages, a victim may recover compensatory damages

3

only if there was an actual deprivation of liberty or property caused by the violation. *Carey v. Piphus*, 435 U.S. 247, 266 (1978); *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999); *Patterson v. Coughlin,* 905 F.2d 564, 568 (2d Cir. 1990). Contrary to the rule adopted in the majority of circuits,[2] the Second Circuit has consistently held that the plaintiff has the burden of showing that the challenged disciplinary action would not have been taken if he had been afforded procedural due process. *See Burka v. New York City Transit Authority*, 747 F.Supp. 214, 221 (S.D.N.Y.1990) (quoting *Patterson*, 905 F.2d at 568-69). If the due process violation is not the "but for" cause of the injury, "an award of damages for injuries caused by the [violation] would constitute a windfall, rather than compensation." *Carey*, 435 U.S. at 260. The Second Circuit has acknowledged only a limited exception to the rule. In cases in which "the defendant prevents the plaintiff from obtaining access to evidence, and thereby makes it impossible for the plaintiff to carry the burden of proof, the burden shifts to the defendant to prove that the deprivation . . . would have occurred even if due process had been afforded." *Miner v. City of Glen Falls*, 999 F. 2d 655, 660 (2d Cir. 1993) (citing *Patterson,* 905 F.2d at 570).

B. Analysis

Oladokun seeks $818,000 in damages, as compensation for: (1) involuntary confinement from March 26, 2003, when he was disenrolled from SUNY Maritime College, until January 29, 2004, when he was deported; and (2) his inability to enter the United States following deportation.

Oladokun bears the burden of proving that his confinement and subsequent deportation would not have taken place had he been afforded due process in the disenrollment proceedings.

---

[2] Other circuits have allocated to the defendant the burden of disproving causation once a due process violation has been established. *See Brewer v. Chauvin,* 938 F.2d 860, 864 (8th Cir. 1991); *Franklin v. Aycock,* 795 F.2d 1253, 1263 (6th Cir. 1986); *Alexander v. City of Menlo Park*, 787 F.2d 1371, 1375 (9th Cir. 1986); *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty., Tex.,* 752 F.2d 1063, 1071 (5th Cir. 1985); *Piphus v. Carey,* 545 F.2d 30, 32 (7th Cir. 1976), *reversed on other grounds*, 435 U.S. 247 (1978).

*Miner*, 999 F.2d at 660. Oladokun does not argue, nor do the facts indicate, that the Defendants prevented him from obtaining access to the evidence, and thus there is no reason to shift the burden to the Defendants. *Id.*

The circumstances of the case and the evidence presented make it impossible to determine with certainty what the outcome of the Board's hearing would have been had Oladokun been given adequate notice and a meaningful hearing. The Board considered both the allegation that Oladokun had submitted false credentials in support of his application for admission (an allegation as to which Oladokun later acquired evidence to refute[3]), and Oladokun's guilty plea to a charge of possession of a forged social security card. (Colucci Decl. Ex. 1.) Assuming *arguendo*, as Oladokun's submissions strongly suggest, that Oladokun's academic credentials were valid, the outcome of the Board hearing still would be uncertain. Given SUNY Maritime's strict standards for cadet conduct, Oladokun's uncontested guilty plea could have been ground for his disenrollment. At this point, it is impossible to know whether Oladokun would have been disenrolled on the basis of his guilty plea alone. Because Oladokun could have been disenrolled even with an adequate hearing, the Court cannot say that the due process violation was the "but for" cause of his disenrollment.

The Court notes that ICE detained Oladokun before the Board met to consider Oladokun's enrollment, and could have continued his detention and deportation regardless of the Board's findings. Although Oladokun was ultimately deported after his disenrollment for failure to maintain his student status, it is also possible that ICE would have deported him based on the original allegations.

---

[3] In 2004, Oladokun obtained a letter verifying his prior studies. Although, as Defendants contend, that particular letter did not exist in 2003, Oladokun might have been able to offer other evidence to support his contention that he did not submit false credentials.

5

Given that Oladokun cannot establish that his confinement and deportation were directly caused by the due process violation, the Court cannot award him compensatory damages.

This Court previously found that Defendant Smith had deprived Oladokun of due process of law by failing to provide him with sufficient notice of the Board hearing and by denying him a meaningful hearing prior to disenrollment. In view of the due process violation, Oladokun is entitled to nominal damages of one dollar.[4]

---

[4] Defendants move for an entry of judgment against themselves, pursuant to Rule 68 of the Federal Rules of Civil Procedure, awarding Oladokun nominal damages, without a concession of liability on their part. This Court already determined liability when it granted summary judgment to Oladokun. Defendants rely on *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85 (2d Cir. 2007), for the proposition that where defendants have offered plaintiff the full amount he could recover even following a trial, a judgment should be entered in lieu of any trial. However, this rule has been invoked only in the context of settlement negotiations prior to a finding of liability. Defendants' offer of judgment without a concession of liability must be dismissed as inappropriate at this stage of the proceedings.

## CONCLUSION

Therefore, based on the foregoing conclusions, it is hereby

**ORDERED**, that Plaintiff is awarded nominal damages in the amount of one dollar ($1.00);

**ORDERED**, that Defendants shall provide plaintiff with copies of his SUNY Maritime transcript upon payment of customary administrative fees;

**ORDERED**, that Defendants shall provide a new Suitability Board Hearing when and if Plaintiff re-enters the United States and asks for one by written request directed to the President of SUNY Maritime, 6 Pennyfield Avenue, Bronx, New York 10020.

**ORDERED**, that if Plaintiff wishes to seek an award of costs and attorneys fees, Plaintiff shall submit a motion and briefing on the issue within thirty (30) days of the filing date of this Opinion and Order.

The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.


DATED:   New York, New York
         March 29, 2012


_/s/ Kimba M. Wood_
KIMBA M. WOOD
United States District Judge